## MOTT v. CHEW et al.

### (Circuit Court, D. New Jersey.   May 6, 1905.)

NEGLIGENCE—DAMAGES—PROXIMATE CAUSE.

> Defendants contracted to furnish plaintiff a tug to leave P. not later than April 7, 1903, to haul stones to protect an ocean bulkhead, which plaintiff was constructing, from tides and storms.   Plaintiff alleged that on April 7th he had completed 500 feet of the bulkhead, which he then desired to have protected by stone ballast, but that defendants willfully delayed the departure of the tug, and then sent it with a scow in tow so that it did not reach plaintiff's property until April 10th, and was unable to then tow enough stone to protect the bulkhead before April 12th, when a violent storm occurred, and wrecked all that part of the bulkhead constructed, except that which had been protected by stones towed on two days after the tug's arrival.   *Held*, that defendants' negligence in failing to promptly and properly transmit the tug as agreed was the proximate cause of plaintiff's damage.

On Contract.   Demurrer to Declaration.

Grey, McDermott & Enright, for plaintiff.

Watkins & Avis, for defendants.

LANNING, District Judge.   By his declaration in this case the plaintiff avers that on April 3, 1903, he was the owner of Woodland Beach, a summer resort or park in the state of Delaware, and was then engaged in building a bulkhead to protect the beach from the action of the tides and from being destroyed by storms; that the defendants on April 3, 1903, entered into a contract with the plaintiff whereby they agreed to furnish the plaintiff with a tugboat of sufficient power to tow barges of 50 tons' capacity from Collins Beach, in the state of Delaware, to the above-mentioned Woodland Beach, and that the tugboat should leave Philadelphia "not later than the 7th day of April, 1903, and should continue in the employ of said plaintiff until the completion of the work, which was described as being the removal of stone from the face of Collins Beach, or the doing of anything which the plaintiff might desire or order"; that on or about April 7, 1903, the plaintiff had completed about 500 feet of the bulkhead, which he then desired to have protected by stone ballast; and that he had engaged the defendants' tugboat for the express purpose of securing stones from Collins Beach for the protection of the bulkhead against tides and storms.   The declaration also contains the following averment:

"The said defendants, well knowing the purpose for which their said tug was hired by the plaintiff, and well knowing the danger from storms to which said bulkhead was exposed, willfully and carelessly neglected to leave Philadelphia on the 7th day of April, 1903, according to the terms of their said agreement, and did not leave until the 8th day of April, 1903, and willfully and against the express orders of said plaintiff towed a large scow to said Woodland Beach, by reason whereof the said tugboat was greatly delayed, and did not reach said Woodland Beach until the evening of Friday, the 10th day of April, 1903, three days later than she should have arrived, and three days later than the said defendants had contracted she should arrive; and by reason of the said delay, and the failure of the said tugboat to leave Philadelphia on the 7th day of April, 1903, the said tugboat, after her arrival at Woodland Beach, was unable to tow enough stone to protect said bulkhead

before Sunday, the 12th day of April, 1903. and on said 12th day of April. 1903, a violent storm occurred at said Woodland Beach, and entirely wrecked and washed away the plaintiff's said bulkhead, except a few feet of said bulkhead, which was protected by stones towed by said tugboat on Saturday, the 11th day of April, 1903—the day after her arrival—and greatly washed away and damaged the plaintiff's said beach, to the damage of the said plaintiff four thousand dollars."

There are several grounds of demurrer, but they are all founded on the general charge that the alleged negligence of the defendants was not the proximate cause of the damage complained of by the plaintiff.

I think the demurrer must be overruled. The plaintiff specifically charges in his declaration that the defendants knew the special circumstances existing when the contract was made, and the damage from storms likely to arise in case of delay. On April 7th the bulkhead was in that stage of construction which rendered it important that it should be properly protected by stone ballast before any storm should occur. The case is therefore brought, as I think, within the doctrine of the English leading case so often referred to and followed by the courts of this country. Hadley v. Baxendale, 9 Exch. 341; also 5 English Ruling Cases, 502. The rule laid down in that case was stated in these words:

"When two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally (i. e., according to the usual course of things) from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated."

To the same effect, see American Notes to Hadley v. Baxendale, 6 English Ruling Cases, bottom of page 624; Boutin v. Rudd, 82 Fed. 685, 27 C. C. A. 526. The same principle was applied in the case of Parmalee v. Wilks, 22 Barb. 539, and in Taylor Manufacturing Company v. Hatcher Manufacturing Company (C. C.) 39 Fed. 440, 3 L. R. A. 587.

The demurrer will be overruled, with costs, and with leave to the defendants to plead within a reasonable time, if they desire it.